IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

James R. Strong, #198044, ) C. A. No. 2:08-3133-MBS-RSC
)
        Plaintiff, )
)
    -versus- ) **REPORT AND RECOMMENDATION**
)
Jon Ozmint, SC Dept. of )
Corrections; Bernard McKie, )
Kirkland Warden; Michael )
Joseph, Prison Guard; Gary )
Lane Prison Guard and Captain;)
Kim Hill, Prison Guard and )
Grievance Coordinator; James )
Sleigh, Prison Guard; Robert )
Ward, Deputy Director of SCDC;)
NFN Joyner, a Deputy Warden; )
Linda J. Dunlap, SCDC Nurse )
Practitioner; Eileen Delaney )
Weiler, SCDC Nurse )
Practitioner; Larry Kong, )
American Amenities, Inc., )
)
        Defendants. )

This civil rights action with appended state law claims, brought by a state prisoner proceeding pro se and in forma pauperis pursuant to 42 U.S.C. § 1983, is before the undersigned United States Magistrate Judge for pretrial management. 28 U.S.C. § 636(b).

On April 3, 2009, the plaintiff filed a motion seeking a court order directing the United States Marshal's Service to serve the two remaining unserved Defendants, Michael Joseph and Eileen Delaney Weiler. On April 21, 2009, the served defendants opposed the motion and argued that no good cause has been shown

1

for the delay in bringing the motion and that it should be denied.

The plaintiff filed his Complaint on September 16, 2008, and the Summonses were issued on September 19, 2008, to the addresses provided by the plaintiff. On September 25, 2008, the South Carolina Department of Corrections (SCDC) General Counsel's Office accepted service for all current employees who could be identified, which according to the defendants is its standard procedure. These executed returns were filed on October 7, 2008, and the summons for Joseph and Weiler were returned unexecuted on December 29, 2009. According to the Marshal's return, service was not accepted for Michael Joseph because he was no longer employed by SCDC and General Counsel's Office has no authority to accept service of process for non-employees. The other defendant was identified by the plaintiff in the caption and on the Summons as "Eileen Delaney Weiler." The SCDC General Counsel's Office could not identify any such person as being employed. Therefore, service was not accepted.

Plaintiff indicated that he first knew that these two named defendants had not been served on January 9, 2009. He then waited until April 3, 2009, to bring the instant motion.

Determination of whether the motion should be granted is governed by Rule 4(m), FRCP, which provides in part:

> If service of the summons and complaint is not made upon a defendant within 120 days after the

> filing of the complaint, the court, upon motion or
> on its own initiative after notice to the
> plaintiff, shall dismiss the action without
> prejudice as to that defendant or direct that
> service be effected within a specified time;
> provided that if the plaintiff shows good cause
> for the failure, the court shall extend the time
> for service for an appropriate period.

Rule 4(m), FRCP.

In Mendez v. Elliot, 45 F.3d 75 (4th Cir. 1995), the plaintiff failed to serve the complaint within 120 days. The Fourth Circuit Court of Appeals held that an extension of time could only be granted for good cause shown. Absent such a showing, the district court has no discretion and the action must be dismissed. See also, Stevens v. Meacham, 2003 WL 23851102 (D.S.C. 2003); Vander Linden v. Wilbanks, 128 F.Supp.2d 900 (D.S.C. 2000).

Here, Plaintiff has not demonstrated "good cause" for his delay beyond the 120 day period allowed for service. Plaintiff indicated he learned of the unexecuted summons on January 6, 2009, but even then he took no action to obtain service of process for another three months. By that time, the deadline had long passed. In absence of any evidence of "good cause" to justify the entire delay including the delay from January 6, 2009 until April 3, 2009, the claims against Michael Joseph and Eileen Delany Weiler should be dismissed under the holding of Mendez.

## **CONCLUSION**

Accordingly, for the aforementioned reason, it is

recommended that Plaintiff's motion for an extension of time to serve defendants Joseph and Weiler (Doc. 37) be denied and that they be dismissed from the action without prejudice.

Respectfully Submitted,

Robert S. Carr
United States Magistrate Judge

Charleston, South Carolina

August 5, 2009

4

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Court Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. In the absence of a timely filed objection, a district court judge need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail. Fed. R. Civ. P. 6(a) & (e). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> P.O. Box 835
> Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985).